SARA N. GUNDERSON, PRO SE
7305 Delmonico Drive
Colorado Springs, Colorado 80919
Ph: 7195079311
gundersonsaranicole@gmail.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Sara N. Gunderson,                      )
                                        ) Case No.: CV25 0634
        Plaintiff,                      )
                                        )                    TSH
                                        ) **PLAINTIFF'S COMPLAINT**
    v.                                  )
                                        )
Potter Handy, LLP,                      )
                                        )
        Defendant                       )
                                        )

---

Plaintiff Sara Gunderson filed a charge with the Equal Employment Opportunity Commission on July 18, 2024: case no. 541-2024-03823 against Potter Handy, LLP for employment discrimination under the Americans with Disabilities Act. The EEOC issued to the plaintiff a Notice of Right to Sue on October 2, 2024. Plaintiff became aware of the Notice of

-1-

Complaint

Right to Sue and first viewed it on October 22, 2024. The Notice of Right to Sue is attached to this complaint as attachment 2.

Plaintiff complains of Potter Handy, LLP (Potter Handy). She alleges the following:

**Parties:**

1. Plaintiff is a Colorado resident who suffers from alcoholism and bipolar disorder. She is a member of a protected class of persons under the Americans with Disabilities Act. These disorders substantially limit her everyday work and life activities because they grossly impact her mood and cognition. It can be difficult for plaintiff to sleep, work, reason, focus her attention, maintain a stable mood, and prioritize needs at work and at home. Since law school, plaintiff has seen a psychiatrist in an attempt to mitigate these disorders' effects in her life. In the past two and a half years, Plaintiff has twice gone to in-patient rehab for alcohol. At all times herein, plaintiff is a qualified person with a disability under the Americans with Disabilities Act.

2. Defendant Potter Handy, LLP has its principal place of business in San Francisco, California: address 100 Pine Street Suite 1250, San Francisco, California 94111. Potter Handy, LLP employed Plaintiff as an attorney in the roles of general contractor and employee from November of 2015 to December of 2020, and re-hired her as an employee from July of 2022 to September of 2023. During her most recent tenure working for Potter Handy, LLP, Potter Handy, LLP paid plaintiff a lesser wage than other attorneys at the firm with similar tenure and experience; this was all due to her disabilities. In September of 2023, Potter Handy, LLP laid off the plaintiff while retaining attorneys with less tenure and experience than she, again due to nothing besides the plaintiff being disabled. At all times herein, Defendant Potter Handy, LLP is a covered entity as envisioned under the Act, and a qualifying employer as well.

**Jurisdiction:**

3. This district court has subject matter jurisdiction over this action. Plaintiff's claims under

Complaint

the Americans with Disabilities Act (ADA) 42 U.S.C. § 12101 and The Patient Protection and Affordable Care Act (ACA), Public Law 111–148, 124 Stat. 119 (2010), give rise to federal subject matter jurisdiction. Additionally, this Court has diversity jurisdiction over this matter, as Plaintiff is a citizen of Colorado and Potter Handy, LLP's principal place of business is in California, and Plaintiff's claims exceed $75,000.

4. Furthermore, this Court has personal jurisdiction over Defendants because they conduct substantial business in San Francisco, California: Potter Handy, LLP's principal place of business is San Francisco, California. Defendant also avails itself of the goods and services of the city of San Francisco by filing Potter Handy's many lawsuits in San Francisco courts.

5. Venue is proper because this suit is being litigated in a district court where a substantial part of the events or omissions giving rise to the claim occurred given that Potter Handy, principal place of business is San Francisco.

**Factual Allegations:**

1. Count 1: Discrimination in pay under title 1 of the ADA 42 U.S.C. § 12101:
2. Potter Handy, LLP paid the plaintiff less than other employees with the same tenure and background due to her disabilities. Plaintiff worked for Potter Handy, LLP as a contractor and employee from November of 2015 to December of 2020. In July of 2022, Potter Handly, LLP hired back the plaintiff at a rate of $60 per hour. While this was higher than the $48 per hour Potter Handy paid her in 2020 when she quit, $60 an hour is below what attorneys with equivalent (and lesser) tenure and experience receive at the firm.
3. At a Potter Handy in-service in San Diego, California in March of 2023, a second year attorney with the firm, Naomi Butler, disclosed to Plaintiff that she was now making $70 per hour at Potter Handy, LLP. At that moment, Plaintiff had given Potter Handy, LLP six and a half years of service over the previous eight years and was making $60 per hour.

-3-

Complaint

4. Plaintiff's interest was piqued. What would Glassdoor.com say about her wage at Potter Handy, LLP? In May of 2023, she input her data into Glassdoor, and the analysis showed that her annual pay at Potter Handy was under that of her colleagues' salaries.

5. Attachment 3 to this complaint is a screenshot from Potter Handy, LLP's page on Glass Door.com. It shows that Potter Handy, LLP pays attorneys far more than it ever paid the plaintiff due to her disabilities.

6. Count 2: Demotion Due to Disabilities. Violation of Title I of the ADA. Plaintiff re-pleads and incorporates all prior facts and references to law.

7. In January of 2023, Plaintiff was experiencing severe effects from her disabilities, namely her mind was muddled, she was having insomnia, and for a spell, she had trouble differentiating fact from fiction as she was talking to herself. While these symptoms were due to her bipolar I disorder, Plaintiff's drinking increased substantially during this period as plaintiff was anxious and scared by what was going on in her head and self-medicated with alcohol. She requested, and was granted, an unpaid leave of absence from Potter Handy in January, 2023.

8. During the weeks ramping up to her return to work in March of 2023, Plaintiff had a call with Chris Carson, attorney for Potter Handy. In the call, Chris told Plaintiff that upon her return to work she would not be the Head of the Fees and Awards as had been her role when she left for her leave of absence, but that she would instead be demoted to a drafter in her colleague's, Isabel's, motion drafting department; and that Russ Handy would be overseeing Fees and Awards as a part of his duties as General Manager and Partner. When Plaintiff returned to work, she was indeed assigned to draft motions in Isabel's department; she no longer oversaw a department of her own. Despite not being told why, the plaintiff was demoted by Potter Handy, LLP presumptively on the basis of her disabilities (and while she was on a sanctioned leave of absence due to her disabilities).

9. It was exceedingly difficult for Plaintiff to be demoted and caused her to experience immense shame, depression, guilt, and abandonment. For the first time during her tenure with Potter Handy, Plaintiff was disinterested in this demoted role she was given, and she

also felt humiliation having to work under her colleague, Isabel, who for years was her equal at the firm. Plaintiff felt insecure in her footing with the firm and in life generally.

10. Count 3: Wrongful Termination. Violation of Title 1 of the ADA. The plaintiff re-pleads all prior facts and references to law:

In September of 2023, Mark Potter called the plaintiff on the phone one Tuesday night. He informed her she was being laid off and that the entire ADA practice division had been sold to other firms. Plaintiff is aware that Potter Handy retained at least two attorneys (Claire Cylkowski and Naomi Butler), and information and belief there are additional attorneys, with less tenure as attorneys than the plaintiff and with less skill.

11. Potter Handy fired the plaintiff to get rid of her and her disabilities and retained other attorneys with less experience and tenure. This is illegal discrimination.

12. Mark told Plaintiff during the lay-off phone call, that she was a good attorney who had a lot of success ahead of her. When the plaintiff asked Mark in a text message that same night if he would be a reference for her in her upcoming job search, he responded that he would "absolutely" be willing to be a reference for the plaintiff.

13. Plaintiff was terminated due to her disabilities and Potter Handy shamefully hid this termination behind an ostensible "lay off." The plaintiff was "laid off" simply because she was disabled, and the firm did not want to deal with her anymore.

14. Being wrongfully terminated has been difficult on the plaintiff's psyche and emotional well-being, and has caused her to feel low self-esteem, insecure, and depressed. Her alcoholism has been affected as plaintiff drinks more now each night than just before she was wrongfully terminated. Plaintiff has not wanted to work in the legal field as an attorney anymore because of this trauma.

15. Count 4: Potter Handy did not provide Plaintiff a health insurance plan, a violation of the ACA, section 1557. Plaintiff re-pleads and incorporates all prior facts and references to law.

16. In November of 2022, the plaintiff notified Rhonda Handy, head of human resources and wife of General Partner, Russel Handy, that she would need health insurance soon. This email is found as attachment 4. When Plaintiff had been re-hired by Mark Potter in July

Complaint

of 2022, she told him that she would only need health insurance coverage with the firm once she and her husband's separation was settled. In November of 2022, she wrote Rhonda Handy an email, letting her know the separation would be finalized soon, and requested that she be enrolled in the firm's group health insurance plan soon. Rhonda Handy responded and told plaintiff that their plan covered California-based attorneys, but that Kaiser did not offer Colorado plans. Plaintiff thought this was strange because she frequently heard Kaiser advertising on the radio here in Colorado. Rhonda told plaintiff that she had the responsibility of going to the insurance market and getting an individual plan for herself and that Potter Handy would pay 60% of it (even though no one else at the firm had to find their own health insurance.) Potter Handy did not offer to pay her to do this, or provide classes on the specifics of the insurance market. No one at Potter Handy, LLP had given her plan or cost criteria.

17. Plaintiff did not find her own insurance plan.
18. When Potter Handy laid off the plaintiff in September of 2023, she still did not have health insurance.
19. Potter Handy, LLP did not care to figure out how to put the plaintiff on a health care plan. Plaintiff suspected then, and still suspects now, that the cost of the plan would have been prohibitive to them because she has gone to in-patient rehab twice in the past two and a half years, and has a lengthy medical history.
20. Furthermore, this exchange occurred approximately one week after the plaintiff disclosed to Potter Handy, LLP that she had previously been to rehab and that she was concerned she needed to go again. Potter Handy, LLP denied plaintiff medical coverage due to her disabilities.

**As an exercise in Supplemental Jurisdiction, as provided in 28 U.S. Code § 1367:**

21. Count 5: IIED: Intentional Infliction of Emotional Distress. Plaintiff re-pleads and incorporates all prior facts and references to law.

Complaint

22. Potter Handy acted extremely and outrageously when it "laid off" the plaintiff due to her disabilities. This is outside the bounds of a civilized society.
23. Plaintiff suffered severely to being laid off: her bipolar disorder was exacerbated leading to severe emotional trauma and also caused her at times to be physically sick, including uncontrolled vomiting, immense anxiety and insomnia.
24. Additionally, the stress of losing her job affected her life in other ways including the plaintiff having to convert bedrooms in her home to short-term rentals in order to make ends meet.
25. This financial trauma has caused the plaintiff's financial health to suffer immensely as her credit has been ruined due to her inability to make ends meet since the termination, and has caused her to list her home for sale so that she can use the proceeds to pay for debt she has been unable to pay otherwise since the "lay off."
26. The plaintiff's work and home life were completely upended by this "lay off" and she was anxious, afraid, stressed, and often sleepless.
27. Furthermore, there are long term effects from being "laid off" that plaintiff deals with to this day including financial trauma, lowered self-esteem, abandonment, disappointment, anger, and a general distrust of practicing law.
28. Plaintiff has not applied to work as an attorney since she was let go because it relates to her trauma.
29. Defendants' actions were the actual and proximate cause of Plaintiff's distress.

**PRAYER:**

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:
1. Reinstatement as an attorney at Potter Handy, LLP with reasonable accommodation
2. Compensatory damages
3. Lost wages according to proof
4. Emotional distress for $3 million dollars

Complaint

5. Pain and Suffering for $3 million dollars

6. Punitive damages as the Court would see fit

Dated: January 17, 2024        By: _____

Sara N. Gunderson, Pro Se

Plaintiff

Complaint

**Attachment 1**

Complaint

**Attachment 2**

Complaint

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Denver Field Office
950 17th St, Suite 300
Denver, CO 80202
(720) 779-3610
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 10/02/2024

**To:** Ms. Sara Gunderson
7305 Delmonico Drive
COLORADO SPRINGS, CO 80919

Charge No: 541-2024-03823

EEOC Representative and email:   JUSTIN MOORE
Supervisory Investigator
justin.moore@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 541-2024-03823.

On behalf of the Commission,

Digitally Signed By: Amy Burkholder
10/02/2024
Amy Burkholder
Director

Please retain this notice for your records.

**Attachment 3**

Complaint

https://www.glassdoor.com/Salary/Potter-Handy-Salaries-E1755713.htm

**Latest rating about pay and benefits at Potter Handy**

**Potter Handy**

Pay & Benefits Rating 0

by Current Employee •

See all 2 Employee Benefit Reviews

**Potter Handy pay FAQs**

**How much does Potter Handy pay?**

The average Potter Handy salary ranges from approximately $59,862 per year (estimate) for a Legal Assistant to $193,235 per year (estimate) for an Associate. The average Potter Handy hourly pay ranges from approximately $29 per hour (estimate) for a Legal Assistant to $29 per hour (estimate) for a Legal Assistant. Potter Handy employees rate the overall compensation and benefits package 4/5 stars.

**What is the highest salary at Potter Handy?**

**What is the lowest salary at Potter Handy?**

**Are Potter Handy employees satisfied with their compensation?**

-12-

Complaint

**Attachment 4**

Complaint

From: Rhonda Handy < >
Sent: Tuesday, November 29, 2022 10:23 AM
To: Sara Gunderson < >
Subject: RE: Medical insurance

Sara,

Our insurance is Kaiser and it only covers California. Could you please search for health insurance and we will cover the 60% that we would cover if you enrolled in our plan.

Thanks,

Rhonda Handy

From: Sara Gunderson < >
Sent: Monday, November 28, 2022 3:34 PM
To: Rhonda Handy < >
Subject: Medical insurance

Hi Rhonda,

When I was re-hired in July, Mark asked me if I needed medical insurance, and I told him that I did not at the moment, but that I would once my legal separation was final. Well, that time is nearing. I will be legally once the final hearing occurs and judgment is entered, which will be in the next 30-60 days. I will find out the exact date of the final hearing soon. I wanted to let you know so that you could begin whatever paperwork was required so that I would be covered when my coverage terminates, which will be the date of that next hearing at the end of December or in January.

Please feel free to ask me any questions.

-17-

Complaint

Thanks,
Sara

-18-

Complaint