UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA N. GUNDERSON,<br><br>    Plaintiff,<br><br>v.<br><br>POTTER HANDY, LLP, et al.,<br><br>    Defendants. | Case No.  25-cv-00634-VC   (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. Nos. 53, 57 |

Plaintiff filed a unilateral discovery letter brief at ECF No. 53.  She moves to compel against Defendant Potter Handy, LLP, concerning interrogatory ("rog") 3 as it relates to the firm's fourth, fifth, ninth, tenth, eleventh and twelfth affirmative defenses.  She also moves to compel concerning rogs 10 and 15-21.  She provides reasoned arguments in support of her motion with respect to all of the rogs she is moving on.  If you read her brief quickly, it looks like she provided reasoned arguments only for rogs 3, 10, 15 and 16.  However, her argument on page 4 concerning rog 16 also addresses rogs 17-21, since the firm just reiterated its numerosity objection set forth in its response to rog 16 in its responses to rogs 17-21.

Potter Handy responded to Plaintiff's brief in ECF No. 57.  The firm argues that Plaintiff did not meet and confer sufficiently before raising this discovery dispute.  The firm does not address any part of this discovery dispute on the merits.

Potter Handy says that Plaintiff emailed on November 14 requesting to meet and confer within seven days.  Defendant says she followed up on November 16 seeking dates.  Defendant says it responded on November 17, telling Plaintiff that lead counsel, whose participation was required, was out of the country until December 1.  Defendant says that it requested that Plaintiff provide a written list of the alleged deficiencies so counsel could prepare substantive responses

and ensure a productive discussion once lead counsel returned. Potter Handy says Plaintiff did not provide the requested list. Rather, Plaintiff emailed again on November 21 and insisted that the meet and confer occur within seven days. Defendant says that on November 24, it responded that lead counsel would return on December 1 and asked Plaintiff to provide three dates after December 1 to meet and confer. Plaintiff did not respond and instead filed the letter brief at ECF No. 53.

The Court thinks that requesting to do a meet and confer within seven days is reasonable and that stonewalling Plaintiff for at least 17 days is not. (The Court says "at least" 17 days because December 1 is 17 days after November 14, and Defendant requested three dates "after" December 1 to meet and confer.) According to ECF, there are two attorneys representing Potter Handy in this action. The discovery issues in this dispute are straightforward, and any attorney should have been able to address them. Potter Handy did not meet and confer in good faith.

Further, by failing to brief the discovery dispute on the merits, in the face of reasoned arguments in support of the motion to compel, Potter Handy waived all opposing arguments. Accordingly, the Court **GRANTS** Plaintiff's motion to compel and **ORDERS** Potter Handy to provide full and complete answers to rogs 3 (as it relates to the firm's fourth, fifth, ninth, tenth, eleventh and twelfth affirmative defenses) and rogs 10 and 15-21 within 10 days.

**IT IS SO ORDERED.**

Dated: January 7, 2026

THOMAS S. HIXSON
United States Magistrate Judge